MATTER OF BLANCO

In Section 249 Proceedings

A-11283040

*Decided by District Director October 6, 1967*

Since the previous record of applicant's lawful admission in 1957 for permanent residence was cancelled in 1964 under the provisions of section 247(a) of the Immigration and Nationality Act, she is not precluded from establishing statutory eligibility for the benefits of section 249 of the Act as no such record is otherwise available.

The applicant is a 40-year-old married female, a native and citizen of Guatemala, who was born at Guatemala City, Guatemala. Her application for the creation of a record of lawful admission for permanent residence under section 249 of the Immigration and Nationality Act, as amended, was denied on March 6, 1967, on the ground that a record of lawful admission was otherwise available in her case. The Service re-opened her application on April 18, 1967 for further consideration.

The applicant entered the United States on August 20, 1946, and with the exception of several brief trips abroad, has remained continuously in the United States since her original entry. During one such brief trip to Guatemala, she procured an immigrant visa and was admitted to the United States as a nonquota immigrant for permanent residence at Miami, Florida on February 1, 1957.

The Embassy of Venezuela advised the Department of State on November 6, 1963 that the applicant was working as a secretary to the Minister of Economic Affairs at the Embassy. The Department of State informed the Service on December 10, 1963 that it considered the applicant to be entitled to classification under section 101(a)(15)(A)(ii) of the Act. Accordingly, the Service advised her on January 22, 1964 that pursuant to section 247 of the Act, it was proposed to change her status from that of an alien lawfully admitted for permanent residence to that of a nonimmigrant, unless she wished to retain her residence status by signing a waiver of all rights, privileges,

exemptions, and immunities accruing to her by reason of her occupational status.

The applicant did not sign or return the waiver request and her status was then changed on February 27, 1964 from permanent resident to that of a nonimmigrant employee of a foreign government under section 101(a)(15)(A)(ii) of the Act. The previous record of lawful admission for permanent residence was cancelled under the provisions of section 247(a) of the Act.

The applicant's employment with an official of a foreign government terminated on May 2, 1966. No longer having a lawful status, she applied on August 1, 1966 for the creation of a record of lawful admission for permanent residence under section 249 of the Act.

The record in the applicant's case shows that she entered the United States prior to June 30, 1948, that she has had her residence in the United States continuously since such entry, that she is a person of good moral character, and that she is not ineligible to citizenship. The only remaining prerequisite to a favorable recommendation on her application concerns the availability of a record of lawful admission for permanent residence.

This case is distinguishable from *Matter of Bufalino*, Int. Dec. No. 1517, wherein the respondent was found statutorily ineligible for the creation of a record of lawful admission under section 249 of the Act since a record of lawful admission in his case was still available. In the instant case, the record of lawful admission no longer exists, having been cancelled by the Service on February 27, 1964.

Section 249 of the Act provides that a record of lawful admission for permanent residence may be made in the case of any alien, if no such record is otherwise available and such alien satisfies the Attorney General that he is not inadmissible under section 212(a) of the Act as it relates to criminals, procurers and other immoral persons, subversives, violators of the narcotic laws or smugglers of aliens, and he establishes that he entered the United States prior to June 30, 1948, has had his residence in the United States continuously since such entry, is a person of good moral character, and is not ineligible to citizenship. On the basis of the entire record, it is concluded that eligibility for the benefits of section 249 has been established.

*It is ordered* that the application for the creation of a record of lawful admission under section 249 of the Immigration and Nationality Act, as amended, be granted.